[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 24, 1963 at Stony Creek, Connecticut. The plaintiff has resided continuously in this state since 1983. There is one minor child issue of the marriage, Colin W. Dwyer born March 8, 1975.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 27 years.
The wife devoted herself to her duties as a homemaker raising their two children. The wife is aged 47 and in good health. She has not worked outside the home since sometime in 1966.
The husband is approximately 48 years of age and in good health. He has devoted himself to his career and presently holds a responsible position as a limited general partner with Cowen Company.
Unfortunately, the parties were unable to resolve their marital difficulties. The wife claims the marital break down was a result of the husbands romantic involvement with another woman 20 years his junior. The husband claimed the interests of the parties diverged over the course of years.
The court finds that the husband has a base salary of approximately $100,000. In addition, historically the husband has earned bonuses such that his income from wages in 1986 was CT Page 1054 $254,232 and in 1987 approximately $254,676. The defendant testified his best income year was 1988 when he had earnings income of approximately $272,390. The defendant's income tax return for 1989 has not been prepared. The evidence presented indicates the defendant's income for 1989 was approximately $191,000. (The defendant received a bonus of $65,000 in May, 1990 for 1989 as indicated on his financial affidavit.)
Historically, the husband had had income in excess of $200,000 going back to 1984. At present he shows deflated income of approximately $191,000 to $200,000. The court has carefully considered all these figures in addition to the statutory criteria in reaching the decisions that follow.
Real Estate
A. Old Farm Road, marital home.
1. The real estate located at 20 Old Farm Road, Darien shall be placed on the market for sale forthwith. Upon the sale and closing of said premises the following shall be paid from the gross proceeds:
 a) Principal balance of the mortgage; b) real estate brokerage commission; c) usual closing costs; d) accrued real estate taxes e) any additional penalties and interest owed on the 1987 and 1988 tax returns of the parties up to $1,000. Any remaining sums due IRS for 1987 and 1988 shall be the sole responsibility of the defendant; f) all federal and state income taxes due for 1989; g) the Visa bill up to $5,000. Any balance remaining in the Visa bill shall be the sole responsibility of the defendants; h) the orthodontia expenses for the minor child.
2. The remaining net proceeds shall be divided 60% to the wife and 40% to the husband.
3. Until the sale of the marital home the wife shall pay the monthly mortgage interest payments when due, the home owner's insurance when due and all ordinary and routine expenses less than $100 per item.
4. Subject to the provision below, the mortgage principal payments shall be allowed to accrue until the sale of the premises. CT Page 1055
5. The real estate taxes on the marital home shall also be allowed to accrue until the sale of the premises.
6. The wife shall have exclusive possession of the marital home until it is sold.
B. 42 Hale Lane, Darien — Condo.
1. The condominium located at 42 Hale Lane, Darien shall remain listed for sale and shall be sold as soon as possible.
2. Upon the sale and closing of the condo, and if prior to the sale and closing of Old Farm Road, then after the payment of the real estate brokerage fees, usual closing costs, taxes, adjustments and attorney's fees, in connection with the closing, the net proceeds from the sale of the condo shall be first used to pay down and even extinguish the mortgage on the Old Farm Road property if that property has not already been sold. Any remaining proceeds shall be divided 60% to the wife and 40% to the husband.
3. If the closing and sale of the condo occurs after the closing and sale of Old Farm Road, then the net proceeds after the payment of the real estate brokerage fees, taxes, usual closing costs, adjustments and attorney's fees in connection with the closing shall be divided 60% to the wife and 40% to the husband.
4. The husband shall be responsible for the common charges, insurance and maintenance in connection with the condo until it is sold.
5. The real estate taxes on the condo shall be allowed to accrue and shall be paid at the time of closing.
6. The court shall retain jurisdiction in connection with any disputes as may arise in connection with the sale of both pieces of property.
Other Property
1. The Mercedes motor vehicle and the Mako boat shall be sold as promptly as possible, and the proceeds shall be divided 60% to the wife and 40% to the husband.
2. The wife shall be entitled to the following assets:
 a) 1986 Volvo motor vehicle; b) the CBT money market account; c) her IRA and the Cowen Stanley Reserve; CT Page 1056 d) her bank accounts e) the life insurance policies owned by the plaintiff.
3. The husband shall be entitled to the following assets:
 a) his Cowen and Company capital accounts; b) Diversey Partner's interest c) Cowen Technology Partnership d) his bank accounts
4. The furniture, furnishings and possessions shall be divided between the parties as they shall agree. In the event the parties are unable to agree, the matter shall be referred to the Family Relations Office for mediation and if the mediation is not successful, the court shall issue orders after a hearing thereon.
Custody and Visitation
Sole custody of the minor child is awarded to the plaintiff with rights of reasonable and liberal visitation to the defendant. Parties shall keep in mind the desires and schedules of the minor child as well as the wishes of the child, who is presently 15 years of age.
Alimony
1. Until such time as the premises at Old Farm Road are sold, the defendant shall pay to the plaintiff as unallocated alimony and child support the sum of $5,600 per month.
2. Upon the sale and closing of the premises at Old Farm Road the defendant shall pay to the plaintiff during his lifetime as periodic alimony the sum of $5,400 per month annualized at $64,800 per year. Said periodic alimony shall terminate upon the death of the wife, or her remarriage whichever event shall first occur.
3. Upon the defendant's retirement, provided the wife has not remarried, there shall be a second look concerning the needs, income and expenses of the parties.
4. The defendant shall cooperate with the conversion of the wife's medical insurance pursuant to the COBRA provisions.
Child Support
1. Upon the sale of the premises at Old Farm Road the defendant shall pay to the plaintiff as child support, the sum of $800 per month until the minor child reaches the age of 18, dies CT Page 1057 or becomes emancipated.
2. The defendant shall maintain medical and hospital insurance coverage for the benefit of the minor child. The defendant shall pay one-half of all unreimbursed medical expenses incurred by the minor child.
Debts and Liabilities
1. The defendant shall be responsible for the debts and liabilities as set forth on his financial affidavit if not otherwise disposed of in this memorandum.
2. The plaintiff shall be responsible for the debts and liabilities as set forth on her financial affidavit if not otherwise disposed of in this memorandum.
Q.D.R.O.
A qualified Domestic Relations order shall enter granting to the wife 50% of the husband's 401K account as of October 1, 1990. Counsel shall agree upon the prepared order and submit the same to the court. The court shall retain jurisdiction to effectuate the entry of this order.
Insurance
1. The husband shall provide and maintain a life insurance policy in the amount of One Hundred Thousand Dollars ($100,000) naming the wife as irrevocable beneficiary thereon for so long as the husband shall have an obligation to pay alimony. The amount of life insurance shall be modified.
2. The husband shall provide and maintain a life insurance policy in the amount of One Hundred Thousand Dollars ($100,000) naming the minor child as irrevocable beneficiary thereon for so long as the husband shall have an obligation for support of the minor child. The amount of life insurance shall be modifiable.
3. The plaintiff and the defendant shall remain the owners of their respective life insurance policies which they respectively own as set forth in their stipulation dated August 9, 1990.
Miscellaneous
1. The wife shall file a joint return with the husband for the years 1987, 1988, 1989. The husband shall indemnify and hold the wife harmless from any and all liability with CT Page 1058 respect to said joint tax returns, except as set forth above in Paragraphs A 1(e) and (f); the husband shall be entitled to any refunds or capital loss carry forwards caused or resulting from any previous or to be filed tax returns.
2. The husband shall remain as custodian for the custodial account for Colin W. Dwyer, the minor child. Said account shall be used for the minor child's education unless the parties shall mutually agree otherwise.
Attorneys Fees
1. The defendant shall pay to the plaintiff as a contribution towards her attorneys fees the sum of $5,000.
COPPETO, J.